IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KYSHA DWYER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 23-2087 |
| | ) |
| DOLGENCORP, LLC trading and doing business as DOLLAR GENERAL, | ) |
| | ) |
| Defendant. | ) |

## **MEMORANDUM OPINION**

Presently before the Court is the Motion for Summary Judgment and brief in support filed by Defendant DOLGENCORP, LLC t/d/b/a DOLLAR GENERAL ("Dollar General") (Docket Nos. 26, 28), the brief in opposition filed by Plaintiff Kysha Dwyer ("Dwyer" or "Plaintiff") (Docket No. 30), and Dollar General's reply (Docket No. 32). In addition to the motion and briefs, the Court has considered the parties' concise statements and counter statements of material facts, and the appendices that were filed in connection with the briefs (Docket Nos. 27, 29, 31).

Dwyer initially filed the Complaint in this case in the Court of Common Pleas of Allegheny County. (Docket No. 1-1). The original Complaint includes four Counts brought against Dollar General under Pennsylvania law: Count I – Negligence (Dwyer v. Dollar General Corporation); Count II – Negligence (Dwyer v. DolGen Corp, LLC); Count III – Negligence (Dwyer v. Amber Bauder); and Count IV – Negligence (Dwyer v. Rita Deschler Yeazel). (Docket No. 1-1 at 15-24). Dwyer seeks compensatory damages, interest, and costs of suit. (*Id.*). By stipulation of the parties in the state court case, all defendants other than DOLGENCORP,

LLC were voluntarily dismissed and discontinued pursuant to Pa. R.C.P. 229. (*Id.* at 2). Dollar General removed the action to this Court pursuant to the Court's diversity jurisdiction. (Docket No. 1). The parties completed fact and expert discovery. (Docket No. 5). Dollar General filed its Motion for Summary Judgment, which has been fully briefed by the parties, and the motion is now ripe for decision. For the reasons set forth herein, Dollar General's Motion for Summary Judgment is denied.

I.   **Standard of Review**

Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). The parties must support their position by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials." Fed. R. Civ. P. 56(c)(1)(A). "[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson*, 477 U.S. at 247-48 (emphasis in original). A disputed fact is material if it might affect the outcome under the substantive law. *See Boyle v. Cnty. of Allegheny, Pa.*, 139 F.3d 386, 393 (3d Cir. 1998) (citing *Anderson*, 477 U.S. at 247-48). Summary judgment is unwarranted where there is a genuine dispute about a material fact, that is, one where a reasonable jury, based on the evidence presented, could return a verdict for the non-moving party with regard to that issue. *See Anderson*, 477 U.S. at 248.

When deciding a motion for summary judgment, the Court must draw all inferences in a light most favorable to the non-moving party without weighing the evidence or questioning the witnesses' credibility. *See Boyle*, 139 F.3d at 393. The movant has the burden of demonstrating the absence of a genuine issue of material fact, while the non-movant must establish the existence of each element for which it bears the burden of proof at trial. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the movant has pointed to sufficient evidence of record to demonstrate that no genuine issues of fact remain, the burden is on the non-movant to search the record and detail the material controverting the movant's position. *See Schulz v. Celotex Corp.*, 942 F.2d 204, 210 (3d Cir. 1991). Rule 56 requires the non-moving party to go beyond the pleadings and show, through the evidence of record, that there is a genuine issue for trial. *See Celotex v. Catrett*, 477 U.S. at 324.

II.     **Factual Background**

The Court writes primarily for the parties who are familiar with the facts of this matter. Dwyer is a resident of New Castle, Pennsylvania, who regularly shopped at the Dollar General store at 1509 Moravia Street in New Castle. (Docket Nos. 27, ¶¶ 1, 2). It was her "go-to-store" where sometimes she shopped two to three times a day. (Docket Nos. 26, ¶ 2; 26-2, p. 48; 27, ¶ 2).[1] On the evening of May 10, 2022, as she entered that store, Dwyer's right foot caught a ripple in the floor mat/rug and she fell forward to the ground with her arms stretched out and she hit her left knee on the ground. (Docket Nos. 27, ¶ 1; 31, ¶ 6; 31-1, pp. 55-59). Dollar General documented in a Customer Incident Report signed by the Store Manager that the cause of the incident was that Dwyer "tripped on [the] rug." (Docket Nos. 31, ¶ 11; 31-1, Ex. D). The

---

[1]     Dollar General attached full-sized copies of selected pages of Dwyer's deposition with its motion for summary judgment as Exhibit B at Document No. 26-2, whereas Dwyer attached the full deposition in quad-page format as Exhibit B at Document No. 31-1. All page numbers referenced in the citations are the page numbers from the corresponding page of the deposition transcript, rather than the page number from the docket entry.

following day, Dwyer took photos of the rippled mat. (Docket Nos. 31, ¶ 11; 31-1, Ex. C). The incident was recorded by surveillance video. (Docket Nos. 31, ¶11; 31-1, Ex. E).

Dwyer testified that she knew there was a rug inside the entrance to the store that had been there "for months," and "maybe" knew it had ripples before she fell, that she previously had "seen the ripples in the mat" testifying that "[i]t's been stuck in the door several times . . . It slides all over the place, to the point I don't know if people push it, but it's – like there's times that it gets caught in the door . . . it's always – been messed up." (Docket Nos. 26-2, pp. 56, 65; 31-1 pp. 56-57, 65). Dwyer further testified that the ripples were on the ends of the mat and that she avoided the ripples "a lot of times" by stepping onto the mat. (Docket Nos. 26-2, p. 66; 31-1 p. 66). Even so, Dwyer also testified that she did not see the ripples on the mat on the date of the incident until after she fell even though there was nothing in front of her that would have blocked her view of the floor. (Docket Nos. 27, ¶ 3; 31, ¶¶ 1-5, 7-10; 31-1, pp. 55-57).

### III.  Discussion

Dwyer's Complaint asserts a claim against Dollar General for negligence under Pennsylvania law. (Docket No. 1-1). In support of this claim, Dwyer contends that Dollar General had a duty to protect her, as a business invitee, from the obvious dangerous condition that resulted from the rippled floor mat in the entrance way to its New Castle store. In moving for summary judgment, Dollar General argues that it owed Dwyer no duty because the danger of the rippled floor mat was known or obvious. Dwyer counters that even though she may have known of the rippled mat from previous visits to the store, she did not visualize or notice the rippled mat on May 10, 2022, until after she fell. The Court will address each of these arguments in turn.

A. <u>**Duty of Care Owed to Business Invitees.**</u>

At the outset, the Court notes that the parties do not contest the principles of Pennsylvania law at issue here, including Pennsylvania's adoption of §§ 343 and 343A of the Restatement (Second) of Torts. As such, there are four recognized elements needed to establish a negligence claim under Pennsylvania law: "(1) a duty or obligation recognized by law; (2) a breach of that duty; (3) a causal connection between the conduct and the resulting injury, and (4) actual damages." *Pittsburgh Nat. Bank v. Perr*, 637 A.2d 334, 336 (1994). Solely at issue here is the duty of care that Dwyer claims she was owed. As a business invitee,[2] Dollar General owed her the "highest duty owed to any entrant upon land." *Robinson v. Seven Springs Mountain Resort, Inc.*, 323 A.3d 202 (Table), 2024 WL 2955263, at *2 (Pa. Super. Ct. 2024) (quoting *Gutteridge v. A.P. Green Servs., Inc.*, 804 A.2d 643, 656 (Pa. Super. Ct. 2002)). Under Pennsylvania law, a possessor of land is subject to liability for physical harm caused to his invitees by a condition on the land if, but only if, he

> (a) knows or by the exercise of reasonable care would discover the condition, and should realize that it involves an unreasonable risk of harm to such invitees, and
>
> (b) should expect that they will not discover or realize the danger, or will fail to protect themselves against it, and
>
> (c) fails to exercise reasonable care to protect them against the danger.

Restatement (Second) of Torts § 343 (1965) (cited by *Carrender v. Fitterer*, 469 A.2d 120, 123 (Pa. 1983)). Moreover, "[a] possessor of land is not liable to his invitees for physical harm

---

[2] A business invitee is defined as a person who is invited to enter or remain on land for a purpose directly or indirectly connected with business dealings with the possessor of the land. Restatement (Second) of Torts § 332(3) (1965), adopted by the Pennsylvania Supreme Court in *Atkins v. Urb. Redevelopment Auth. of Pittsburgh*, 414 A.2d 100 (Pa. 1980).

5

caused to them by any activity or condition on the land whose danger is known or obvious[3] to them, unless the possessor should anticipate the harm despite such knowledge or obviousness." Restatement (Second) of Torts § 343A (1965) (cited by *Carrender*, 469 A.2d at 123).

### B. Whether the Danger was Known or Obvious.

Dollar General argues that it is entitled to summary judgment as a matter of law because Dwyer acknowledged she was aware of the ripples in the mat prior to the day she fell, asserting that the danger posed by that condition was known to her within the meaning of § 343A (1). For a danger to be *known*,[4] it must "not only be known to exist, but ... also be recognized that it is dangerous and the probability and gravity of the threatened harm must be appreciated." *Carrender*, 469 A.2d at 123-24 (quoting Restatement (Second) of Torts § 343A(1), cmt. b (1965) (internal citations omitted)). The question of whether a danger was known is usually a question of fact for the jury. *Id*. at 124.

Here, Dollar General contends that it is undisputed that the rippled mat was known to Dwyer, thereby entitling it to summary judgment. In support of this contention, Dollar General draws a comparison to *Cruz v. Ehrlich*,[5] a case involving a plaintiff who tripped and fell on a 2-inch crack in the sidewalk despite having walked over that crack in the sidewalk without incident "a lot of times," seemingly mirroring Dwyer's deposition testimony describing her previous encounters with the rippled floor mat. (Compare Docket Nos. 28 at 5; 26-1 at 56, 65 with *Cruz v. Ehrlich*, No. 124 MDA 2013, 2013 WL 11251560, *4 (Pa. Super. Ct. Oct. 7, 2013)).

---

[3]   Notwithstanding the "open or obvious" language used in § 343A, some courts have interchanged the terms "known" and "open" without any appreciable difference in meaning. *See Knepp v. Wal-Mart Stores East, L.P.*, No. 3:22-144, 2025 WL 660630, at *2 (W.D. Pa. Feb. 28, 2025) (citing *Robinson*, 2024 WL 2955263, at *5).

[4]   A danger is *obvious* when "both the condition and the risk are apparent to and would be recognized by a reasonable man, in the position of the visitor, exercising normal perception, intelligence, and judgment." *See* Restatement (Second) of Torts § 343A (1965) (cited by *Carrender*, 469 A.2d at 123).

[5]   Dollar General also seeks to compare this case to *Cresswell v. End*, 831 A.2d 673 (Pa. Super. 2003), but that case involves a licensee, not an invitee, and thus applies a different duty standard that is not applicable here.

The Court is unpersuaded by Dollar General's comparison to *Cruz* as an analogous example of a known danger. Based on the "known" factor, Cruz could easily have avoided the sidewalk crack and taken another route to his destination. In this case, however, Dwyer needed to cross the mat to gain entrance into the Dollar General Store without available alternatives to accessing the store. Importantly, a cracked sidewalk is a more durable and permanent condition in which a repair would likely be more conspicuous, whereas a rippled mat could be straightened (and, perhaps, rippled again) in a mere moment, or such repair and re-ripple could occur repeatedly, even in the same day, making knowledge of its existence fleeting.

Here, when viewing the evidentiary record in a light most favorable to Dwyer as the non-movant, the Court concludes that a reasonable trier of fact could determine that Dwyer did not know that the rippled mat existed and/or did not appreciate the probability and gravity of the threatened harm it posed.

      **C.**    **Whether Dollar General Should Have Anticipated the Harm Despite Being a Known or Obvious Condition.**

The Court notes that § 343A(1) also provides that a possessor of land remains dutybound to an invitee, even if a dangerous condition is known or obvious, if the "possessor should anticipate the harm despite such knowledge or obviousness." Restatement (Second) of Torts § 343A(1). Indeed, Dollar General "is not relieved of its duty of care for known or obvious dangers when it 'has reason to expect that the invitee's attention may be distracted, so that he will not discover what is obvious, or will forget what he has discovered, or fail to protect himself against it.'" *Knepp v. Wal-Mart Stores E., L.P.*, No. CV 3:22-144, 2025 WL 660630, at *5 (W.D. Pa. Feb. 28, 2025) (quoting *Robinson*, 323 A.3d 202, at *4 (Pa. Super. Ct. 2024) (quoting Restatement (Second) of Torts § 343A, cmt. f.). *See also Hardy v. Southland Corp.*, 645 A.2d 839, 842-43 (Pa. Super. 1994) (finding a merchant owed a duty to a customer who slipped on a

wet floor coming into a 7-Eleven store even though the wet spot was known to the plaintiff before she continued into the store, stating that "[n]or do we believe that under the circumstances presented here, a merchant can be said to have no duty to keep its floors dry or otherwise safe for its patrons to walk upon. A merchant invites the public to come into its store so that the merchant can make a profit. The obligation to keep its floors safe is well recognized.").

Even assuming that the rippled mat was known to Dwyer immediately before she tripped over it on May 10, 2022, summary judgment would still not be warranted because there is sufficient evidence in the record upon which a reasonable trier of fact may conclude that Dollar General should have anticipated the harm, regardless of whether it was known or obvious. It is foreseeable that patrons such as Dwyer might be carrying their keys, cell phones or other objects while entering the store and that they may be talking to or otherwise interacting with other patrons while doing so. (Docket Nos. 26-2, pp. 53-55; 31-1 pp. 53-56). A trier of fact may reasonably conclude that the attention of its patrons may be distracted while entering the store so as not to discover an obvious condition such as a rippled mat in plain view, or to have forgotten this previously discovered condition, and nonetheless failed to protect themselves against such condition. *See Neyman v. Sunbelt Rentals, Inc.*, No. 2:23-CV-226, 2024 WL 5107238 (W.D. Pa. Dec. 13, 2024) (finding a genuine dispute of material fact as to whether defendant could have anticipated the harm to plaintiff despite the dangerous condition being known or obvious).

## IV.     <u>Conclusion</u>

Based on the foregoing, Dollar General's Motion for Summary Judgment (Docket No. 26) is DENIED.

An Order consistent with this Memorandum Opinion follows.

Dated: July 10, 2025                    *s/ W. Scott Hardy*
                                         W. Scott Hardy
                                         United States District Judge

cc/ecf:  All counsel of record